The next argued case is number 171217 N. Ray Proboknow, Mr. Schachter Thank you, Your Honor, and may it please the Court, my name is Jeremy Schachter, I'm here on behalf of Proboknow, LLC. The mark Proboknow, spelled P-R-O-B-O-K-N-O-W, is the clear combination of two words, Proboknow and no. Our client sought to register that mark for its services, which is an online marketplace for providers and consumers of free or affordable legal services, and the board found it merely descriptive based on evidence of only the word Proboknow. In doing so, that was clear air for two reasons. First, they didn't have substantial evidence that the combination of Proboknow and no was merely descriptive, and second, because the combination of Proboknow and no is unequivocally suggestive. First, there's no evidence that the combination of Proboknow and no is merely descriptive. There's no question... Are you suggesting that there might be a dispute over the meaning of the word no or the meaning of the word knowledge? As I understand it, it was your position all along through the prosecution that this was some form of a portmanteau or telescoped word of Proboknow and knowledge, and the whole point of this service, this site, is to provide knowledge of Proboknow activities. Well, that's partially correct and partially incorrect. It is true that our position has always been that the mark is a combination of Proboknow and no, which is a derivative of knowledge. Okay, but I saw also knowledge. Sure, sure. That was... Shortening of no, the consumer will recognize is a shorthand for knowledge, and they'll see that Proboknow, at least when you say it out loud, will recognize it's the ordinary meaning of Proboknow. And so, what we're left with is, I think, the ordinary meaning of no and knowledge and Proboknow. Correct. And I don't think there was any dispute over, oh gosh, we don't know what no means or we don't know what knowledge means. Agree, agree, and that's the problem, because the only thing that the board relied on was the meaning of the word Proboknow. But wait, why is it that descriptive? I mean, the phrase is knowledge of Proboknow services. Well, that's not what the... And the word no doesn't merely describe... ...knowledge of Proboknow services. I thought that was exactly the point of the site. That's an incorrect characterization. Why? That's what the board says it is, but that's not actually what it is. I'm asking, what's inaccurate about it? It's not there to merely provide knowledge of Proboknow opportunities. The site, unlike a regular service... JA-41, this is your response to the initial office action. It says, quote, the site spreads knowledge of Proboknow opportunities. This is five lines down to the second paragraph. This is, you know, not the examining attorney, not the board, or not someone else. This is this applicant's attorney saying this. The site spreads knowledge of Proboknow activities. That's correct. But how... So, okay, so then you agree. So then... No, I don't agree that... Therefore, a combination of the word Proboknow and no, or knowledge, is in fact... Why isn't that descriptive of a site that spreads knowledge of Proboknow opportunities? Because I would submit that nobody in this room would look at the terms, the combination of the terms Proboknow and no, and immediately think, oh, a website that provides knowledge of Proboknow opportunities. What they might think is a website that's related, that is about Proboknow, and something else about knowingness. What that knowingness is, is unclear. On the face of it, it appears to be talking about Proboknow knowledge, and you describe it yourself as knowledge of Proboknow opportunities. That is not the primary purpose of the website. It's not simply a place to go to find out about Proboknow opportunities. Okay, but this is your quote. You're stuck with this quote. Whether you think it's right or wrong, this is what you told the agency. This is what you told the public when you wrote this into the prosecution history of the trademark applicant. This is one of several things that we told, that Proboknow LLC told the office, right? This is one of several possible interpretations of what Proboknow could mean. Just when you see Proboknow, yes, that could suggest to you, oh, a place where there's knowledge of Proboknow opportunities, or it could just suggest what it actually is, which is a place where experienced attorneys can assist inexperienced attorneys in a Proboknow case. Okay, so normally when you see a regular Proboknow situation, you have an attorney, maybe a junior lawyer who doesn't have experience in a particular practice area, and they want to cut their teeth in a particular area. So it's not in the identification of the services. Exactly. Well, then why are you talking about this whole notion of mentors and inexperienced lawyers and training ground for a mentor to train? It's not in the ID of your services in your trademark. And neither is the thing that you're trying to marry us to. Neither is a place where there is knowledge of Proboknow opportunities. Neither is that in the description of services. And that's the point. The description of services is operating an online marketplace for providers and consumers of free and affordable legal services. That is not a place where there is knowledge of Proboknow opportunities. That is not a place where more experienced lawyers can go. If the idea is we've got a website here, opportunities for Proboknow services for lawyers and clients or prospective clients to go to, to meet up with each other, I guess almost like a dating service on the internet. Why isn't that very, very consistent with the Proboknow lawyers? Or if I'm a Proboknow lawyer, where I can go to, you know, make myself available for Proboknow work. It certainly suggests that. However, it doesn't immediately describe that. And that's the distinction. If the site was called Proboknow. Do you agree that the law is, when we're trying to make this inquiry about whether a proposed mark is descriptive or suggestive, we have to make that inquiry in the context of the identification of the goods and services listed in the trademark application? I do. Okay. So that's really the question. Your earlier arguments seem to be raising the question of Proboknow and know or Proboknow and knowledge in a vacuum. What would that immediately convey to someone in the public? And that wouldn't be the correct inquiry. The correct inquiry is if you see the word Proboknow and know, and the listed services of an online marketplace where lawyers and people in need can find each other for Proboknow opportunities, then it starts, that's really the question. And that's where the board made the finding. You may not like it, but the board found, yes, you know, they would see in this context that this mark is all about presenting knowledge about Proboknow opportunities. But so is- Response in 8.41. But so is everything, every website. If that were the case, if you were to accept your position, right, you would not be able to have any no formative mark. Because then any no formative mark that then provided information about the other thing that composes the mark would be merely descriptive. But that's not the case. There are scores of registrations that sail through. Diagnosis for a service that provides diagnostic services. Porno, okay, for a service that helps people who need knowledge in dealing with their porno addiction. There are tons and tons of no formative marks that are no different than this one. This is Proboknow. The reason that the board refused it on the basis of mere descriptiveness is not because knowledge is merely descriptive. They just decided that the word Proboknow conveys nothing other than the singular word Proboknow spelled the way we all know it. They made no inquiry as to what Proboknow and no means when combined. What if your mark was Proboknow info? Okay. Would that be descriptive? I would say it would be much more descriptive than Proboknow than the combination of Proboknow and no. What if the mark was Proboknow no? What would that immediately describe to you? The answer is nothing. It might describe some Proboknow services and then something else, something more. Again, I just want to try to tether you back to what the legal framework is. It's not to ask ourselves what would someone understand the mark to mean in a vacuum. It's what would one understand and immediately convey or receive from the mark in the context of the identified goods and services in the application. Exactly. When you look at the word Proboknow and you look at that in connection with the services that are listed in the application, which is operating an online marketplace for providers and consumers of free and affordable legal services, one of the things you would immediately assume is that this is related to pro bono services, Proboknow. You would also It's certainly not identified in the description of services. And when you go to the website, it's certainly not immediately clear what the no is. The no is always separated in a different color. The use of Proboknow in its regular language PROBNO is used throughout. It's clearly used differently than the mark Proboknow. You would want to know what the knowingness is. And if you read the website, as you must do, which the board insisted upon and the government says, you have to always look at the services in the context of which they're used, which is the website in this case, you would see that the knowledge that a more experienced attorney can provide to a junior attorney in taking on these pro bono cases is what makes this different. That's what is trying to be suggested. We're not even trying to suggest the online marketplace for providers and consumers when we use the word no. It doesn't really describe that. It doesn't necessarily suggest that. Perhaps it could, but there are many more things that it could suggest as well, including the thing that I just told you. And if you have a situation where a mark can have more than one interpretation, but no one in particular, then it is suggestive as a matter of law. So if it suggests, is this mark in use now, or is this an intent to use registration? It was an intent to use mark. It has since been used and everyone was notified of that. So that there would be, after actual use, there'd be an opportunity to demonstrate secondary meaning. That's right. And to overcome the concerns that have been raised. It's a possibility, and that would be fine, except for the fact that this is inherently distinctive. If you were to rule that this is merely... Inherently distinctive? That's what a suggestive mark is. It's inherently distinctive. That's the spectrum of marks. You can't have a marked chair for chairs. Merely descriptive means it immediately tells you what it is. Brown chairs. So this is a suggestive mark. Generally speaking, what does an applicant typically do in order to establish secondary meaning? Do they go out and take some kind of survey at a mall or something? It's possible, but you can also show five years of uninterrupted, continuous use, advertising expenditures. There's a series of factors that you can use to show that. But, in this case, there are other things you can look at to see whether or not something is either merely descriptive or suggestive. Under every test that this court and others have used to see if something is suggestive, this mark is. No one else uses the combination of pro bono and in this way. There's no competitive... Nobody's harmed by taking this out of the public domain. In the record, we submitted a Google search for the term pro bono spelled as the mark is registered. Nothing came up. A restaurant came up for some guy. Nothing to do with pro bono legal services. No one is going to be harmed by giving the appellant the right to use this exclusively. Nobody's going to be prevented from using the word pro bono. Nobody's going to be prevented from using the word no. They're only going to be prevented from using the combination of pro bono and no together. This case is just like two cases that the board already decided, including the Muffins case spelled M-U-F-F-U-N, which was suggestive of the fun aspect of the applicant's It was generic for muffins, but it suggested fun. The same with the tea and sympathy case was pharmacy. F-A-R-M-A-C-Y was the combination of farm and pharmacy. The board said it's merely descriptive because this is a pharmacy where you can go and you can get like medicines and such. But the board said they made the right decision. They said no, it's suggestive of the herbal aspect of the things that you get there. These are farm fresh ingredients, so it's just clever enough to create a different commercial impression than just the pharmacy. That's what this is. Pro bono, spelled P-R-O-B-O-K-N-O-W, and with no distinguished in every instance, and with all lawyers and everyone knowing how to actually spell pro bono, is just clever enough to create a completely different commercial impression than just pro bono. And pro bono no, I'll just say one more time, means nothing. That is not merely descriptive of anything. If you said, oh, I have a service that's pro bono no, we do stuff, we help each other with pro bono things, that wouldn't mean, you wouldn't say, oh yeah, that's exactly what I was thinking. As soon as you said pro bono no, that's exactly what I was thinking. You'd never say that because you weren't thinking that. It could be any number of things, and if something can mean any number of things, it's suggestive. In the context of the identified goods and services in the trademark. A hundred percent. This pro bono no does not mean operating, and I mean it does not, it just simply does not immediately describe somebody who operates an online marketplace for providers and consumers of affordable legal services. It simply, it simply does not. Mr. Hickman. Thank you, Your Honor. May it please the Court. The test for descriptiveness is whether consumers would immediately understand that the mark describes a feature, function, or characteristic of the goods or services with which the mark is to be registered. Here, as the Court has already observed this morning, we have the mark pro bono, which is pronounced identically to the ordinary spelling of the word pro bono. I guess porno got doesn't get registered. Can you shed some light on that? I would dare say, Your Honor, that the commercial impression of porno is probably slightly different than pro bono, but the rule which is well established in this Court is that even if we can point to maybe one or two or even multiple registrations that the office approved before, that could arguably, would arguably be similar to the one under consideration that what we have to focus on is the one before, that was before the Board and that is before this Court here. And the Court had a very well-fleshed-out record. It had the applicant's website here, which shows that the very focus of the online marketplace is to connect clients and lawyers and to provide them information about access to pro bono services. But the Board didn't find that it was generic, is that right? So how would you classify this rejection since it's not generic? Is it descriptive, merely descriptive, suggestive, or what? It's merely descriptive, Your Honor. That is correct. So it's merely descriptive, there's an opportunity through use to establish an association with this source, is that right? That's correct, and as my opposing counsel acknowledged, there is the possibility of coming back after five years of continuous use and showing the office evidence of acquired distinctiveness, and it may be possible at that point to obtain the registration. But here what we have today is the descriptiveness refusal, and I think the Court is aware of the evidence and we think it's a good record, and so unless there are any other specific questions, I'm happy to stand on the briefs and yield the balance of my time. Okay, any questions? Any more questions? Good. Thank you, Mr. Hickman. Well, Mr. Schachter, you have a couple of minutes to use your rebuttal time, but you get the last word. Yeah, I appreciate it. I would just say that it was pretty remarkable to me. The record, if they want to stand on, doesn't have anything that supports their position. There are two words, as you said, there's no dispute, there are two words that make up this mark, pro bono and no. The only evidence that the Board relied on was evidence of the what pro bono, the word we all know, means. Dictionary definitions of the word pro bono. Online definitions of the word pro bono. But they're not saying that it's generic. No, they're saying it's merely descriptive because pro bono, the word pro bono is merely descriptive of a characteristic of the services. That's what they're saying. And so they relied on only evidence of the word pro bono. No evidence of the word no. No evidence of the word pro bono and no together. When I saw the briefs here and then I looked at the cover of your blue brief, it said to me, in re pro boc now. And I said, I wonder what in re, there must be an inventor named Mr. Pro Boc now. And then I said, oh, this is a trademark case. And I said, oh, it's not in re pro boc now. It's in re pro bono. Exactly. And so I guess that made me wonder, why didn't you argue? We did. This is, take some kind of visual and mental adjustment to go from pro boc now to pro bono. Yeah, we did. You did? Where did you do that? I didn't see that. I can point you exactly where it's in our. No, I mean, I saw right out of the gate in the initial response to the office action. It was, this is a combination of two words, pro bono and knowledge. And everybody's going to know that. Everybody's going to see that. And when they see that, they're going to see that it's not merely descriptive, but only suggestive of getting knowledge of pro bono opportunity. Well, that was the focus of the argument straight through the prosecution. I don't see anywhere where the applicant said, when you look at this, it says pro boc now. Ironically, we're doing this case pro bono, and we took it after the prosecution, after the board refusal. And the very first thing we put in our opening brief was exactly as you just described. If you don't know what it is, you can't argue new arguments on appeal. That's like the classic. Well, it's not a new argument. It's not a new argument in the sense that they said that this mark was suggestive, not descriptive. The only way that you know that it's pronounced pro bono is to recognize the word no. That's what they said during the prosecution. When you say they. That's what our client said. That's what our client said during prosecution. The only way to recognize, and the only way that the board could find that this mark is merely descriptive, is to recognize that K-N-O-W is pronounced no. So if you don't recognize that, you're exactly right. It'll say in re pro boc now, and it'll be pro boc now, and that'll be arbitrary, because that means nothing. But if you do recognize that it says no, that it's pronounced no, then you will know that it's not simply pro bono. It's not simply the words pro bono and no, and that combination is not merely descriptive of the services, or what they actually, either in their application or what they're actually providing on their website in real life. Thank you very much. Thank you. The case is taken into submission.